UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61749-CIV-ZLOCH

DAVID WELCH,

      Plaintiff,

vs.                                    **FINAL ORDER OF REMAND**

SPACE GATEWAY SUPPORT, LLC,

      Defendants.
_____/

    THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff David Welch initiated the instant action in the Seventeenth Judicial Circuit, Broward County, Florida.  Defendant Space Gateway Support, LLC timely filed a Notice Of Removal (DE 1) to this Court wherein it alleged that this action would otherwise properly be brought in federal court.  Specifically, the Notice alleges that the above-styled cause can be removed pursuant to 28 U.S.C. § 1442.  Defendant alleges that the Court has jurisdiction over the case because it is a government contractor and should therefore be treated as a federal officer or agent.  Thus, Defendant presumably seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1346.

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." Id. Defendant Space Gateway Support, LLC provided services to the National Aeronautics and Space Administration and the United States Air Force according to a contract in effect from October of 1998 through September 30, 2008. DE 1, p. 3. In essence, Defendant is a contractor for the United States Government.

However, federal jurisdiction does not extend to lawsuits against government contractors. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3651 (1998); Jacobs v. Tawes, 250 F.2d 611 (4th Cir. 1957). Further, the caselaw cited in Defendant's Notice Of Removal (DE 1) does nothing to dispel this rule of law. The principle case upon which Defendant relies involved employees of the United States Postal System, not government contractors. Mesa v. California, 489 U.S. 121 (1989). Because Defendant's status as a government contractor is insufficient for purposes of § 1346, the Court lacks subject matter jurisdiction over this case and must remand it to the state forum.

In its Notice Of Removal Defendant raises a second ground for removal, namely that it intends to raise a federal defense. Defendant is free to assert its federal defense in state court. However, the assertion of a federal defense, standing alone, is not grounds for federal jurisdiction. Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when plaintiff's

statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action.").  In the absence of subject matter jurisdiction, this Court cannot proceed.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 08-46023; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___17th___ day of December, 2008.

  /s/ William J. Zloch  
WILLIAM J. ZLOCH  
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)  
Broward County, Florida  
Case No.  08-46023